# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JERRY A. QUINN,

        **Plaintiff,**

  v.                                  **Case No. 25-CV-458**

DEPUTY BIRKHOLTZ, DEPUTY BARRETT,
and THE FOND DU LAC COUNTY SHERIFF'S DEPT.,

        **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff Jerry A. Quinn[1], who is incarcerated at the Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) Quinn also filed a motion to proceed without prepayment of the filing fee, which the court will also address. (ECF No. 2.)

Because not all parties have had the opportunity to consent to magistrate-judge jurisdiction, this court cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). The clerk of court shall

---

[1] Quinn also listed Shelina Jeannette Grant as a plaintiff, but she did not sign the complaint or submit a filing fee. It appears she is added as someone Quinn wants to designate to act on his behalf. This is not appropriate, so the court will recommend dismissal of Grant as a party.

therefore randomly refer this matter to a district judge for consideration of the recommendations outlined below.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Quinn was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On March 28, 2025, the court ordered Quinn to pay an initial partial filing fee of $20.50 by April 28, 2025. (ECF No. 5.) Quinn paid the initial partial filing fee on April 24, 2025. Accordingly, Quinn's motion for leave to proceed without prepaying the filing fee will be granted, and he will have to pay the remaining balance of the filing fee over time as explained in this order.

## REPORT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which

2

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

3

*Quinn's Allegations*

Quinn alleges that on October 25, 2024, he was a passenger in a vehicle pulled over by the defendants in Fond du Lac County, Wisconsin on Interstate 41. (ECF No. 1 at 2.) The defendants pulled the vehicle over for tinted windows. (*Id.*) Defendant Deputy Birkholtz cited the driver for tinted windows and then ordered both Quinn and the driver out of the vehicle without probable cause. (*Id.*) Birkholtz asked to search the vehicle, and he was not given permission. (*Id.*) Birkholtz then threated to have the K-9 unit to do a sniff search if he was not given permission to conduct a search of a vehicle. (*Id.*) The driver still did not consent. (*Id.*) The K-9 unit searched the vehicle and falsely alerted. (*Id.* at 3.) Birkholtz and defendant Deputy Barrett then searched the vehicle. (*Id.*) They did not turn up any illegal drugs. (*Id.*)

*Analysis*

At the outset, while Quinn lists Fond du Lac County Sheriff's Department as a defendant, he cannot proceed on a claim against it. Section 1983 also allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Sheriff's Department is not a person. There are some circumstances where a municipality can be sued under §1983. *See Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658 (1978). For the Sheriff's Department, Federal Rule of Civil Procedure 17(b) states that defendants in a federal lawsuit must have the legal capacity to be sued. State law determines an entity's capacity to be sued. *Webb v. Franklin County Jail*, Case No. 160cv01284, 2017 WL 914736 at *2 (S.D. Ill. Mar. 8. 2017). Under Wisconsin law, the Sheriff's Department "is not a legal entity separable

4

from the county government which it serves," and is therefore not subject to suit under §1983. *Whiting v. Marathon County Sherriff's Dept.*, 382 F.3d 700, 704 (7th Cir. 2004).

As for his claims against Birkholtz and Barrett, Quinn claims they illegally stopped and searched the vehicle in which he was a passenger. "The Fourth Amendment protects against unreasonable searches and seizures." *Cannaday v. Sandoval*, Case No. 09-C-811, 2011 WL 13187024 at *4 (E.D. Wis. July 26, 2011) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). "In general, for a search to be reasonable, it must be conducted pursuant to a warrant supported by probable cause." *Id.* (citing *Kentucky v. King*, 563 U.S. 452, 459 (2011)). While there are several exceptions to the warrant requirement that the defendants may raise later on, at this stage in the case, Quinn sufficiently alleges a Fourth Amendment claim against the defendants.

**IT IS THEREFORE ORDERED** that Quinn's motion for leave to proceed without prepayment of the filing fee (ECF No. 2.) is **GRANTED**.

**IT IS FURTHER RECOMMENDED** that

- Shelina Jeannette Grant be dismissed as a plaintiff.

- Fond du Lac County Sheriff's Department be dismissed as a defendant.

- The case be returned to Magistrate Judge Stephen C. Dries for further proceedings.

**IT IS FURTHER ORDERED** that the agency having custody of Quinn shall collect from his institution trust account the $329.50 balance of the filing fee by

collecting monthly payments from Quinn's prison trust account in an amount equal to 20% of the preceding month's income credited to Quinn's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Quinn is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Quinn is confined.

**IT IS FURTHER ORDERED** that E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

6

Quinn is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Quinn is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Quinn's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Quinn may find useful in prosecuting his case.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of entry of this recommendation. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 29th day of July, 2025.

STEPHEN DRIES
United States Magistrate Judge

7