UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JERRY A. QUINN, JR.,

Plaintiff,

v. Case No. 25-cv-0458-bhl

DEPUTY BIRKHOLTZ et al.,

Defendants.

---

**DECISION AND ORDER**

---

Plaintiff Jerry Quinn, Jr., who is incarcerated at the Racine Correctional Institution is representing himself in this 42 U.S.C. §1983 case. He is proceeding on a Fourth Amendment claim based on allegations that the vehicle he was traveling in was illegally searched. On September 28, 2026, Defendants filed a motion for summary judgment. Dkt. No. 31. In a notice and order, the Court reminded Quinn that under Civil L. R. 56(b)(2) his response materials were due by October 28, 2026. Dkt. No. 38. The Court warned Quinn that, if he failed to respond to the motion by the deadline, the Court would accept all facts asserted by Defendants as undisputed, which would likely result in summary judgment being granted in their favor. The deadline to respond has now passed, and the Court has not received any response. Consistent with its prior admonition, the Court will assume all facts asserted by Defendants are true and will decide the motion without Quinn's input.

The Court has reviewed Defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that they are entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). The undisputed record establishes that Defendant Deputy Birkholtz stopped the car that Quinn was traveling in because the tint on the windows prevented him from seeing into the passenger compartment, which is a violation of Wis. Admin. Code § Trans. 305.32. The undisputed record also establishes that, while speaking to the driver and Quinn, Deputy Birkholtz detected an overwhelming odor of air freshener, which is a common masking agent used to conceal the odor of controlled substances. Also, Deputy Birkholtz noted Quinn's avoidance of eye contact and refusal to identify himself. Finally, Deputy Birkholtz learned that Quinn and the driver were traveling northbound on Interstate 41 from Milwaukee, a common corridor for narcotics trafficking

within Wisconsin. Based on these facts, which Quinn does not dispute, the record establishes that Deputy Birkholtz had reasonable suspicion of criminal activity beyond the traffic violation for which the car was stopped. Accordingly, no jury could reasonably conclude that Defendants violated the Fourth Amendment both when they stopped the car and later when they allowed a trained canine to conduct an exterior sniff of the vehicle. *See Whren v. U.S.*, 517 U.S. 806, 810 (1996); *Rodriguez v. U.S.*, 575 U.S. 348, 354 (2015); *Terry v. Ohio*, 392 U.S. 1, 21 (1968) (holding that reasonable suspicion exists when an officer can "point to specific and articulable facts which, taken together with rational inferences from those facts," reasonably warrant further investigation). Defendants are therefore entitled to summary judgment on Quinn's Fourth Amendment claims.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (Dkt. No. 31) is **GRANTED** and this action is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 18th day of November, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
Chief United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.